## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BOBBIE BURNES**                                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 11-1243**

**TRINITY MANAGEMENT GROUP, INC.**                      **SECTION "K"(5)**

## <u>ORDER AND REASONS</u>

Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue (Doc. 5) filed by Trinity Management Group, Inc. ("Trinity") in which the defendant maintains that the instant case should be dismissed with prejudice for lack of personal jurisdiction and for improper venue.  Plaintiffs have filed a response to the motion and concede that is no personal jurisdiction and that the matter was brought in an improper venue; however, they ask that the motion be granted without prejudice.  Trinity in a reply memoranda asked that if the Court were to grant the motion without prejudice, then Trinity is entitled to attorney's fees and costs based on Rule 11 of the Federal Rules of Civil Procedure.

There is absolutely no proof in this record that Trinity ever informed plaintiff of his mistake prior to the filing of Trinity's Motion to Dismiss.  In addition, plaintiff immediately conceded that there was no jurisdiction with his response. Indeed, after the instant motion was filed, on June 28, 2011, plaintiff filed a Notice of Voluntary Dismissal Without Prejudice (Doc. 7) on July 8, 2011, as to the other two defendants, B&B Dredging Company and Dutra Dredging Company.  While clearly, plaintiff was less than assiduous in ascertaining the proper jurisdiction in which to file this complaint, the Court sees no reason to dismiss this matter with prejudice.

Moreover, as to the request for Rule 11 sanctions, Trinity has not complied with the provisions of that rule.  Rule 11(c)(2) provides as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the courts sets.

Fed. R. Civ. Pro. 11(c)(2).   A separate motion was never filed.  In addition, plaintiff clearly conceded his mistake in less than 21 days of the filing of motion to dismiss.  Plaintiff's actions do not merit this kind of sanction.  Accordingly,

**IT IS ORDERED** that the Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue (Doc. 5) filed by Trinity Management Group, Inc. is **GRANTED** and judgment shall be entered dismissing said defendant without prejudice.

**IT IS FURTHER ORDERED** that the request for attorney's fees and costs for having to defend this motion pursuant to Rule 11 is **DENIED**.

New Orleans, Louisiana, this 12th day of September, 2011.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**